Johnson, J.
The plaintiff in error was brought before the police court of the city of Toledo charged with operating an automobile within the limits of the municipality at a rate of speed greater than fifteen miles an hour. Before pleading plaintiff in error filed a motion to quash the information; he then demurred; both motion- and demurrer being overruled he pleaded not guilty, was tried on May 12, 1910, found guilty and sentenced. These proceedings together with a bill of exceptions taken at the overruling of the motion for a new trial constitute the record presented here for review.
The information based upon an affidavit of like tenor -alleged that the plaintiff in .error, on May 10th, 1910, in the city of Toledo, Lucas county, Ohio, "unlawfully did operate an automobile within the limits of said municipality at a greater rate of speed than fifteen miles per hour.”
The General Code provides (Section 12604):
"Whoever operates a motor cycle or motor vehicle at a greater rate of speed than eight miles an hour in the business *239 and closely built-np portions of a municipality, or more than fifteen miles an hour in other portions thereof, or more than twenty miles an hour' outside of a municipality, shall be fined not more than twenty-five dollars, and for a second offense shall be fined not less than twenty-five dollars nor more than fifty dollars.”
It further provides, Section 6290 (General Code):
“The term ‘motor vehicle’ as used in this chapter and in the penal laws, except where 'Otherwise provided, includes all vehicles propelled by power other than muscular power, except motor bicycles, motor cycles, road rollers, traction engines, fire engines, police patrol wagons, ambulances and vehicles run upon rails or tracks.”
If the word “automobile” can be construed as designating with that certainty required in criminal pleadings, a motor cycle or motor vehicle as defined by statute, and no other vehicle, the’ variation from the language of the statute is of no consequence. If all automobiles are motor vehicles as defined by law in Ohio, then to operate an automobile within the city at a greater rate of speed than fifteen miles an hour is an offense, and the motion and demurrer were properly overruled. If some automobiles are and some automobiles are not motor vehicles as thus defined, then to so operate an automobile may or may not be a violation of law. Hence in that case the allegation that a person operated an automobile at a greater rate of speed than fifteen miles an hour may or may not signify an infraction of the law.
The word “automobile” is of recent origin. Murray’s New English Dictionary, published under the auspices of Oxford University, the first volume of which appeared in 1888, does not contain the word. The Standard Dictionary, published in 1905 does not contain it. The Century Dictionary, which appeared in 1899, mentions the word as adjective and noun, defining it according to the Greek-Latin derivation as “self-moving, e. g. an automobile torpedo or automobile carriage.” Hence the secondary use as a noun signifying a self-moving vehicle. In the Supplement of the Century Dictionary, published in 1909, the *240 noun is defined as “any device or apparatus which is movable by a force placed within itself and is self-acting as to direction and control; as (a) a torpedo, (b) a vehicle carrying within itself the source of the mechanical power which propels it, designed to move on common roads or highways — a motor-car.” The word is not treated in the legal publications “Words and Phrases,” nor the Am. & Eng. Encyclopedia of Law, 2d Ed., nor ‘ ‘ Cye. ’ ’ Common use may be felt as now tending gradually to discriminate- in the application of the word, but the conception generated by the word as now ordinarily employed would include any vehicle for the conveyance along common highways of goods, passengers or power and containing as a part of it appliances furnishing power to propel the machine and its load.
This being so, the word can not be applied judicially to those vehicles alone declared by statute to be “motor vehicles.” Within the exceptions mentioned in Section 6290, and excluded by its terms from the definition of motor vehicle, are machines which in accordance with the proper, current and accepted use of the word may well be automobiles.
This view is supported by the ease of Emerson, etc., Co. v. Pearson, 74 N. H., 22 (64 Atlantic, 582), wherein the court held that a traction engine was an automobile within the meaning of a statute whereby license and registration of automobiles was required to be had.
The information in this case, therefore, is not laid with that certainty required to charge a violation of Section 12604, General Code. No other regulation applies to the case. Hence the court below erred in overruling the motion and demurrer of the plaintiff in error. The judgment and sentence must be set aside and the defendant discharged.